By the Court. Campbell, J.
We are all of opinion that the decision of the referee was entirely correct, and this for the reasons very clearly stated in the printed argument on behalf of the respondent. These reasons are not merely satisfactory, but they scarcely admit of an addition.
As the testator by his will gave to his executors five per cent, on the annual rents, income, and interest of his estate, as a compensation for their trouble, besides their expenses and disbursements in the management of his estate, it is possible that he intended to vest in them his whole estate, real as well as personal, as trustees for his widow and children; but we cannot hold that the words here used, when compared with the *241 other provisions of his will, can be relied on as evidence of his intention to create an estate in his executors, and we have no right to act upon a mere conjecture. The will gives to them a naked power to sell his real estate, but no authority whatever, to make, direct, or pay for, repairs.
It is possible that the defendant Tilton, by signing the paper directing the plaintiff to make the repairs, although he signed as executor, rendered himself personally liable, and that, had he continued in life, a judgment, even upon the pleadings as they stand, might have been rendered against him; but as the defendant Adee is not chargeable as executor, there is no pretence for charging him personally, since there is no evidence that he ever directed, or assented to, the repairs, or even knew that they were made.
The judgment appealed from is affirmed with costs.